**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LIANGLIANG SU,

          **Plaintiff,**

v.                                                              **Case No: 6:25-cv-1050-PGB-DCI**

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

          **Defendants.**

_____

## ORDER

On October 10, 2025, the undersigned entered an Order denying Plaintiff's Renewed *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants Pursuant to Federal Rule of Civil Procedure 4(f)(3).  Docs. 22 (the Denied Motion), 24 (the Order).  On November 18, 2025, Plaintiff re-filed the Denied Motion—making no mention of the Order denying the relief Plaintiff once again seeks.  Doc. 27 (the Motion).  Other than updating the date and title, Plaintiff made only one change between the Denied Motion and the instant Motion. *Compare* Doc. 22 *with* Doc. 27 at 4, 5, 13 (Doc. 27 includes the following sentence—seemingly randomly placed and underlined—three times: "Plaintiff is requesting the Court assert jurisdiction over Defendants whose emails do not bounce back.") (emphasis in original).  The undersigned construes the Motion as one for reconsideration, and, as will be explained, the Motion is due to be denied.

Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[1] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

Here, Plaintiff fails to cite, let alone meet, the legal standard for reconsideration. *See generally,* Doc. 27. Plaintiff has also failed to refer the Court to a change in the law, to identify the discovery of new material, or to persuade the Court that there is a need to correct clear error or a manifest injustice. *Id.* Thus, there is no basis for reconsideration. Plaintiff has done little more than refile a motion already considered. *See, e.g., United States v. Joyner*, No. 1:22-CR-242-ECM-JTA, 2024 WL 3683631, at *1 (M.D. Ala. Aug. 5, 2024) (denying *pro se* party's repeat motion and noting, "regardless of how the filing party characterizes them, repetitive motions that seek revisitation of prior orders by raising or expanding on previously-rejected arguments are frivolous, waste the court's limited resources, and unnecessarily delay the resolution of the case on the merits"). The one sentence Plaintiff added to the newly filed motion is unexplained and does nothing to change the Court's decision. To the extent Plaintiff deemed the additional sentence important, Plaintiff should have provided legal analysis, not underlining.

Accordingly, it is **ORDERED** that Plaintiff's Motion (Doc. 27) is **DENIED**.

**ORDERED** in Orlando, Florida on April 1, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

3